IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    -v-

AMY MILLER,

    Defendant.

05-M- 2107

---

### PLEA AGREEMENT

The defendant, AMY MILLER, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to a one count Information charging a violation of Title 18, United States Code, Sections 2 and 1030(a)(2)(B), (Aiding and abetting unlawful access to a computer) which carries a maximum possible sentence of a term of imprisonment of one year, a fine of $100,000, or both, a mandatory $25 special assessment and a term of supervised release of at least one year. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to one year for a misdemeanor, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II.  SENTENCING GUIDELINES

3. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### ELEMENTS OF THE CRIME

4. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    (a) That the defendant aided and abetted in accessing a computer to a degree that exceeded her authority;

(b)   That the defendant acted intentionally; and

(c)   That the defendant obtained information from a department or agency of the United States.

## FACTUAL BASIS

5.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

> a) At all relevant times, the defendant, AMY MILLER, was employed as a Customs & Border Patrol Officer (CBPO) by the Bureau of Customs & Border Protection (BCBP) of the Department of Homeland Security, an agency of the United States government. In the course of her duties as a CBPO, the defendant had authority, and knew others who had authority, to access computerized records maintained in a database known as the Treasury Enforcement Computer System (TECS). Defendant's access to the TECS system and information obtained therefrom was permitted only for the purpose of conducting the official business of the Department of Homeland Security.
>
> b) On or about May 4, 2004, CBPO Kelly Bossinger gave the defendant the license plate number of a certain vehicle. CBPO Bossinger advised CBPO MILLER that the vehicle and its driver had been subjected to a secondary inspection at the Peace Bridge POE on or about May 1, 2004. CBPO MILLER decided to query the TECS system in order to find out why the vehicle had been subjected to a secondary inspection and determine whether there was a TECS "lookout" for the driver.
>
> c) Subsequently, CBPO MILLER gave the license plate number to CBPO Robert Murphy and asked him to conduct a query of the TECS system. Thereafter, Murphy accessed the TECS system and obtained confidential law enforcement information. After obtaining this information from TECS, CBPO Murphy provided such confidential law enforcement information to CBPO MILLER, who in turn, divulged it to CBPO Bossinger. The defendant knew that the information which CBPO Murphy obtained from the TECS query exceeded

his authority to obtain, or to disclose to CBPOs MILLER or Bossinger.

## BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2B1.1(a)(2) applies to the offense of conviction and provides for a base offense level of 6.

## SPECIAL OFFENSE CHARACTERISTICS

7. The government and the defendant agree that Guidelines Section 2B1.1(b)(13)(A)(i)(I) applies and provides for an increase of two offense levels.

## USSG CHAPTER 3 ADJUSTMENTS

8. The government and the defendant agree that none of the Chapter 3 adjustments apply.

## ADJUSTED OFFENSE LEVEL

9. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 8.

**ACCEPTANCE OF RESPONSIBILITY**

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 6.

11. The government and the defendant agree to recommend that the defendant be sentenced within the Sentencing Guidelines range set forth above. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.

**CRIMINAL HISTORY CATEGORY**

12. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

13.  It is the understanding of the government and the defendant that, with a total offense level of 6 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 0 to 6 months, a fine of $100 to $5,000, and a period of supervised release of one year. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

14.  The defendant understands that the Probation Office will make an independent determination of the defendant's total offense level and criminal history category and that the Court will ultimately determine the appropriate total offense level and criminal history category.  The defendant will not be entitled to withdraw the plea of guilty because of the Court's failure to adopt any Sentencing Guidelines calculations set forth in this agreement or because of an upward departure made by the Court.

### III.   STATUTE OF LIMITATIONS

15.  In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees not to assert the statute of

limitations as a defense to any criminal offense involving or related to his unauthorized disclosure of information and unauthorized access to a government computer which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea(s) or vacating of the conviction becomes final.

### IV.  GOVERNMENT RIGHTS AND RESERVATIONS

16.  At sentencing, the government agrees to take no position as to the specific sentence within the Guidelines range determined by the Court.

17.  The defendant understands that the government has reserved the right to:

   a.  provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b.  respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

   c.  modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

18. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## V. APPEAL RIGHTS

19. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2), and collaterally attack any sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, above, notwithstanding the fact that the Court may reach the sentence by a Guidelines analysis different from that set forth in this agreement.

20. The government waives its right to appeal any sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, above, notwithstanding the fact that the Court may reach the sentence by a Guidelines analysis different from that set forth in this agreement. However, in the event of an

appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence. Further, the government otherwise reserves all of its rights of appeal as provided for in the Sentencing Reform Act of 1984.

## VI.  TOTAL AGREEMENT AND AFFIRMATIONS

21. This plea agreement represents the total agreement between the defendant, AMY MILLER, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

KATHLEEN M. MEHLTRETTER
Acting United States Attorney
Western District of New York

BY: _____
GREGORY L. BROWN
Assistant U.S. Attorney

Dated: June 30, 2005

I have read this agreement, which consists of 10 pages. I have had a full opportunity to discuss this agreement with my attorney, Herbert L. Greenman, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
AMY MILLER
Defendant

Dated: June 30, 2005

_____
HERBERT L. GREENMAN, Esq.
Attorney for the Defendant

Dated: June 30, 2005